Susan Lynn Mimura
V. Renee Karel
Terry K. Martin
SUSAN LYNN MIMURA & ASSOCIATES, PLLC
Attorneys at Law
3451 E. Copper Point Drive, Suite 106
Meridian, Idaho 83642
Telephone: (208) 286-3140
Facsimile: (208) 286-3135
E-mail: slm@idahoattys.com
Idaho State Bar No. 3033, 9050, 3475

*Attorney(s) for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AARON ST. GEORGE,<br><br>Plaintiff,<br><br>vs.<br><br>PEAK RECOVERY LLC and<br>MICHONNE PIEKSMA in her official<br>and individual capacity.<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

COMES NOW, Plaintiff, AARON ST. GEORGE, by and through his attorney SUSAN LYNN MIMURA of the Firm Susan Lynn Mimura & Associates, PLLC, and for a cause of action against the above-named Defendants does complain and allege as follows:

### NATURE OF THE CASE

1. Plaintiff ("Aaron") is suing as a former employee of Defendant PEAK RECOVERY LLC pursuant to the Fair Labor Standards Act (FLSA) U.S.C. §§ 201 et seq. This action

alleges that the Defendant violated the wage and hour provisions of the FLSA by depriving Plaintiff of his lawful overtime wages.

2. Plaintiff is suing former supervisor MICHONNE PIEKSMA in her individual capacity for slander per se under the theory of negligence.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 since the case is brought pursuant to the FLSA.

4. Venue is proper in the Third Judicial District of Idaho pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because Defendants are located in the District of Idaho and, as detailed below, a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the District Idaho.

## PARTIES

5. Plaintiff AARON ST. GEORGE ("Aaron") is an individual and is now, and at all times relevant herein, resides in the State of Idaho, County of Canyon.

6. Defendant PEAK RECOVERY LLC is an Idaho Limited Liability Company ("Peak") and is now, and all times relevant herein, a business with its principal place of business in the State of Idaho, County of Canyon.

7. Defendant MICHONNE PIEKSMA ("Defendant Pieksma") is now, and all times relevant herein is a resident of the State of Idaho, County of Canyon. She is also one of the members of Peak Recovery LLC. and acted as the man

8. Plaintiff is informed and believes and thereon alleges that Defendant Pieksma was at all times herein relevant the principal and agent of Defendant PEAK.

## STATEMENT OF CLAIMS

### COUNT I –VIOLATIONS UNDER THE FLSA

9. Aaron was hired by Peak Recovery on September 8, 2016. At the time he was paid $15.00 an hour as a full-time employee without benefits. His title was Case Manager.

10. Prior to and during employment Aaron logged the hours he worked to become Idaho Student of Addiction Studies (ISAS) certified and Certified Alcohol and Drug counselor (CADC) under the rules and governing authority of the Idaho Board of Alcohol and Drug Counselor's Certification (IBADCC).

11. On February 1, 2017, Aaron received his license as a certified Alcohol and Drug Counselor and his title changed to a Alcohol and Drug Counselor.

12. Aaron received a raise following his yearly review and was paid $18.00 an hour as a full-time employee.

13. From February, 2017 to January, 2018 Aaron held group counseling sessions in the evenings, of which the group of clients paid Peak Recovery for Aaron's counseling services.

14. Prior to January, 2018 Aaron was "on-call" to perform weekend drug tests for male clients. He was not compensated for his time worked nor being on-call.

15. It wasn't until just prior to Aaron's separation from employment at Peak Recovery, that he became aware of the fact that he was entitled to overtime pay for hours worked in excess of 40 hours in a workweek. Following that notification, his paychecks thereafter did not reflect the actual hours he worked in excess of 40 during the workweek that he worked.

16. Aaron was informed by Peak Recovery Accounting personnel that he was in fact entitled to compensation for past hours worked, and that Peak Recovery would have to pay him backpay.

17. Aaron worked in his capacity as a Drug and Alcohol Counselor until March 19, 2018, when Defendant Pieksma told Aaron that she "had to" fire him, without cause, and would rehire him after a six (6) month period.

18. Defendant Pieksma told Aaron when she fired him that he would have to wait for "the sexual allegation to blow over." Aaron was never advised that there was any allegations made against him, nor was he ever questioned about any such incident or complaint during his employment.

19. Aaron was advised by Peak Recovery that he should file for Unemployment Benefits, and that Peak Recovery would not object.

20. From September 8, 2016 until September 8, 2017 Aaron worked 12.5 hour days for 251 days at a rate of $15.00 an hour. Aaron worked a total of 3137.5 hours over the 251 days. Aaron was paid for 8 hour days at straight time and nothing for hours worked in excess of the 40 hour work week, i.e.: 2008 hours straight time. However, was not paid for 1129.5 hours of overtime. Aaron is entitled to compensation for approximately 1129.5 hours of unpaid overtime, calculated at $25,413.75.

21. From September 8, 2017 until approximately March 1, 2018 Aaron worked 12.5 hour days for 117 days at a rate of $18.00 an hour. Aaron worked a total of 1462.5 hours of the 117 days. Aaron was paid for 8 hour days at straight time and nothing for hours worked in excess of the 40 hour work week, i.e.: 936 hours of straight time. However, was not

paid for 526.5 hours of overtime. Aaron is entitled to compensation for 526.5 hours of unpaid overtime, calculated at $14,215.50.

22. Peak Recovery willfully and deliberately failed to pay Aaron overtime due him; thus Aaron should be entitled to recover for unpaid wages at the overtime rate and for on-call pay back three (3) years.

23. Aaron was required to retain legal counsel to assert his claim for back pay and if he is awarded backpay for unpaid wages and any other damages, should be awarded his attorneys fees and costs as the prevailing party under the FLSA.

## COUNT II – DEFAMATION/ SLANDER PER SE

24. Aaron re-alleges the preceding paragraphs as though set forth *in haec verba*.

25. Defendant Pieksma told Aaron when she fired him that he would have to wait for "the sexual allegation to blow over." Aaron was never advised that there was a "sexual" issue, nor was he ever questioned about any such incident or complaint.

26. Four days after Aaron left Peak Recovery on March 24, 2018, an Ethics Complaint was filed against him. When Aaron contacted Defendant Pieksma to ask what the Complaint was about, Defendant Pieksma stated she did not know anything about the issue, nor who filed it.

27. IBADCC sent a copy of the Complaint to Aaron, showing Defendant Pieksma created and signed the Complaint after Aaron left employment.

28. The Complaint alleged falsities that the IBADCC Ethics Committee eventually dismissed.

29. Pieksma made the "Complaint" against Aaron knowing said statement was false.

30. Further, Pieksma published these false allegations to others.

31. Through the pendency of the Ethics Committee's investigation up to March 30, 2018, Aaron was confronted by other counseling employees, public agencies that utilize Peak Recovery's services, and former clients, about the false allegations. The former clients advised Aaron that they were told Pieksma and/or Peak Recovery staff members stated that Aaron was sexually inappropriate with a client and had to be released following his separation. Upon also being given the slanderous statements from Peak Recovery, Aaron's new employer fired him. People who heard the statements reported that Defendant Pieksma was disparaging Aaron's character by telling third parties about the "sexual harassment" allegations in the Complaint and other falsities that adversely reflected on his personal and professional reputation, impacted his ability to work, and caused him pain and suffering for months.

32. Defendant Pieksma knew that the "allegation" that Plaintiff was sexually inappropriate with a client was false.

33. Defendant Pieksma falsely reported to these third parties and entities who provide work to Peak Recovery, or who received services from Peak Recovery, that Aaron was fired for sexual misconduct or inappropriate sexual conduct. She also advised some of Aaron's coworkers that she terminated Aaron for sexual harassment. These coworkers told clients the same slanderous statements during group and individual sessions at Peak Recovery.

34. As a result of Pieksma's slanderous and defamatory statements, Aaron lost employment opportunities, wages, experienced pain and suffering, sleeplessness and incurred attorney's fees and costs in attempting to clear his name and address the complaint filed by Pieksma.

35. Aaron should be awarded his attorney fees and costs as the prevailing party pursuant to Idaho Code §12-121 and I.R.C.P. 54(e).

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38(b), Plaintiff hereby demands a trial by jury on all issues properly triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Aaron requests judgment against Peak Recovery as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under FLSA;.

2. An award of damages, according to proof, including unpaid overtime wages pursuant to 29 U.S. § 216(b);

3. Pre and post-judgment interest as provided by law;

4. A judgment for damages arising from the defamatory statement.

5. Attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

6. Any and all further relief as the Court deems just and proper in the premises.

DATED this 20th day of November, 2018.

SUSAN LYNN MIMURA & ASSOCIATES, PLLC

By: Susan Lynn Mimura
Attorney for Plaintiff

VERIFICATION

State of Idaho        )
                      ) ss.
County of Ada         )

AARON ST. GEORGE, being first duly sworn upon oath, does depose and say that:

I am the Plaintiff in the above-entitled action, I have read the foregoing Complaint and Demand for Jury Trial, know the contents thereof, and believe that the same is true and accurate to the best of his knowledge, information and belief.

_____
AARON ST. GEORGE

SUBSCRIBED AND SWORN to before me this 26th day of November, 2018.

_____
NOTARY PUBLIC FOR IDAHO
Residing at: Boise, ID
My Commission Expires: 4/23/2019